IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CURRY ROBINSON,** : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 2:25-cv-01644-JDW |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** *et al.*, : | |
| Defendants. : | |

## **MEMORANDUM**

Curry Robinson alleges that the requirements of Pennsylvania's sex offender registry statute violate his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). He seeks leave to proceed *in forma pauperis*. I will grant Mr. Robinson leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). I will give him a chance to file an amended complaint that updates his First Amendment claims, but not his RLUIPA claims.

**I.    FACTUAL ALLEGATIONS**

The public record reflects that in 2006, a state court found Mr. Robinson guilty of several sex offenses and adjudicated him as a sexually violent predator. He was sentenced to 7 ½ to 15 years in prison and five years of probation. In December 2024, Mr. Robinson completed his criminal sentence for several sex offense convictions. However, as a result of his convictions, Mr. Robinson is subject to lifetime registration on Pennsylvania's Sex Offender Registry, which the Pennsylvania State Police maintains. *See* 42 Pa. C.S. § 9799.32(1) and § 9799.67(1).

In this lawsuit, Mr. Robinson alleges that "the requirements of SORNA/Megan's Law II infringe his religious practice" of Christianity.[1] (ECF No. 2 at 3.) In particular, he states that the statute requires him "to utilize methods" to manage his "alleged emotional and sexual desires," which is "contrary to Biblical teachings that discourage and [sic] seeking worldly methods for maintaining peace of mind and/or control." (*Id.*) According to Mr. Robinson, Pennsylvania SORNA's requirements are "damaging to his conscience" and require "him to live a double life when registering." (*Id.*) Mr. Robinson further states that the lie detector test, which is "used to incite confessions," also violates a "main tenet of his Christian core belief that confession goes to God through his Lord Jesus Christ." (*Id.* at 4.) Mr. Robinson names the Commonwealth of Pennsylvania, the Pennsylvania Attorney General, the Pennsylvania Sex Offender Assessment Board, and Troop-K Philadelphia, a division of the Pennsylvania State Police, as defendants. (*Id.* at 2.)

## II.   STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he cannot pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss

---

[1] The "Sex Offender Registration and Notification Act" ("SORNA"), 34 U.S.C. § 20901 *et seq.*, is a federal statute that directs States to enact legislation complying with its requirements. In Pennsylvania, SORNA II ("Pennsylvania SORNA") is the state sexual offender registration statute in effect. *See*, 42 Pa. Const. Stat. § 9799.11-9799.75:

2

under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## IV.    DISCUSSION

### A.    *In Forma Pauperis*

Mr. Robinson has completed the required forms and attested under oath that he lacks the income and assets to proceed with this case. Therefore, I will grant him leave to proceed without paying those costs.

### B.    Plausibility Of Claims

Mr. Robinson claims that Pennsylvania SORNA's requirements violate his rights under RLUIPA and his First Amendment right to the free exercise of religion. Neither claim has merit.

#### 1.    RLUIPA

RLUIPA prohibits a state or local government from "taking any action that substantially burdens the religious exercise of an institutionalized person unless the government demonstrates that the action constitutes the least restrictive means of

furthering a compelling government interest." *Holt v. Hobbs*, 574 U.S. 352, 356 (2015); *see also* 42 U.S.C. § 2000cc-1(a). The statute protects the religious liberties of individuals "residing in or confined to an institution, as defined in section 1997 of this title." 42 U.S.C. § 2000cc-1(a). An institution includes "any facility or institution" that is "a jail, prison, or other correctional facility [or] a pretrial detention facility." 42 U.S.C. § 1997(1). Mr. Robinson has completed his sentence, including his term of probation, and appears to be living in the community in Philadelphia. Because he is not confined to and does not reside in an institution, RLUIPA does not provide him a remedy. Other courts have reached a similar conclusion. *See, e.g., Belton v. Betzhold*, No. 12-0053, 2012 WL 6094461, at *1 (E.D. Wis. Dec. 7, 2012). Because nothing Mr. Robinson could say in an amended pleading would cure this flaw, I will dismiss this claim with prejudice.

### 2. First Amendment

Mr. Robinson also asserts First Amendment claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Mr. Robinson has not alleged a violation of his First Amendment rights. The Free Exercise Clause provides that "Congress shall make no law … prohibiting the free exercise" of religion. U.S. Const. amend I. A plaintiff asserting a free exercise violation must allege that a governmental policy has "burdened his sincere religious practice" and that the policy is "not 'neutral' or 'generally applicable.'" *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2022). "If a law is "neutral" and "generally applicable," and burdens religious conduct only incidentally, the Free Exercise Clause offers no protection." *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 165 (3d Cir. 2002). However, "if the law is not neutral (i.e., if it discriminates against religiously motivated conduct) or is not generally applicable (i.e., if it proscribes particular conduct only or primarily when religiously motivated), strict scrutiny applies and the burden on religious conduct violates the Free Exercise Clause unless it is narrowly tailored to advance a compelling government interest." *Id*.

Mr. Robinson alleges that SORNA "infringes upon" his practice of Christianity. He states vaguely that the statute's requirements damage his conscience, require him to live a double life, and are contrary to Biblical teachings. These vague and conclusory allegations do not raise a plausible inference that any statute burdens his First Amendment free exercise rights. He has not identified a sincere religious practice or described how that practice the sex offender reporting requirements impinge that practice. Nor has he identified any specific aspect of SORNA that is not neutral or generally applicable that has burdened that sincere religious practice. In short, he has not

provided sufficient facts to "nudge" his claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

Even if Mr. Robinson had pled a viable violation of his First Amendment rights, I would still dismiss his claim for damages. The Commonwealth of Pennsylvania and its agencies, including both the Pennsylvania Sexual Offenders Assessment Board and the Pennsylvania State Police, are immune from claims for damages pursuant to the 11th Amendment to the Constitution. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). And Mr. Robinson has not alleged any personal involvement on the part of the Pennsylvania Attorney General, so there is no basis to hold him liable under Section 1983. However, I cannot say for certain that Mr. Robinson is unable to provide more detail to support his Section 1983 claim. I will therefore dismiss the claim but give him leave to file an amended complaint, if he can do so in a way that is consistent with this decision.

## IV. CONCLUSION

I will grant Mr. Robinson leave to proceed *in forma pauperis* and dismiss his Complaint. I will dismiss the RLUIPA claims with prejudice and the First Amendment claims without prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

June 2, 2025