**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CURRY ROBINSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:25-cv-01644-JDW** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** ***et al.*****,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

Pennsylvania requires convicted sex offenders to register on a Sex Offender Registry. Like many such offenders, Curry Robinson doesn't want to have to register. Looking for an excuse, he has hit on the idea of religious freedom. But whatever Mr. Robinson's religious views are, they do not excuse him from complying with this facially neutral state law requirement. The Religious Freedom Restoration Act ("RFRA") only applies to actions by the federal government, not state defendants like in this case. And Mr. Robinson has not stated any facts suggesting that the registration requirement burdens his rights under the First Amendment. I will therefore dismiss Mr. Robinson's Amended Complaint with prejudice.

## I. FACTUAL ALLEGATIONS

In 2006, a state court found Mr. Robinson guilty of several sex offenses and adjudicated him as a sexually violent predator. He was sentenced to 7 ½ to 15 years in prison and five years of probation. In December 2024, Mr. Robinson completed his criminal sentence. However, because of his convictions, Mr. Robinson is subject to lifetime

registration on Pennsylvania's Sex Offender Registry, for which the SOAB handles referrals and the Pennsylvania State Police maintains. *See* 42 Pa. C.S. §§ 9799.24, 9799.32(1), and 9799.67(1).

I dismissed Mr. Robinson's Complaint, reasoning that he failed to plead a viable violation of his religious freedom under the Religious Land Use And Institutionalized Persons Act ("RLUIPA") and the First Amendment. Now, in his Amended Complaint, Mr. Robinson again alleges that Pennsylvania's adoption of the Sex Offender Registration and Notification Act ("SORNA"), as "directed by the Federal government," infringed upon his right to practice his religious beliefs. (ECF No. 8 at 4.) Mr. Robinson maintains that his "beliefs prevent [him] from adopting secular ideas or methods." (*Id.* at 5.) Specifically, he argues that "[t]o agree to the requirements [of SORNA] is an agreement to having a mental abnormality," and he may not make such agreement because to do so would "contradict[] a core tenet of [his] faith." (*Id.*) According to Mr. Robinson, "[o]nly God can determine whether someone is healed or can be restored." (*Id.* at 7.) As a result, he cannot be forced to comply with the requirements laid out by SORNA. He asserts claims under RFRA and the First Amendment against the Commonwealth of Pennsylvania, the Pennsylvania Attorney General, the Pennsylvania Sexual Offenders Assessment Board ("SOAB"), and the Pennsylvania State Police.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether the claim is plausible on its face. *See Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants must still allege sufficient facts to support their claims. *Williams v. Rockview*, 178 F.4th 96, 101–02 (3d Cir. 2026).

## IV. DISCUSSION

### A. RFRA

Congress passed RFRA intending to provide very broad protection for religious liberty. *Mack v. Warden Loretto FCI*, 839 F.3d 286, 301 (3d Cir. 2016). The statute therefore mandates that the government "shall not substantially burden a person's exercise of religion." 42 U.S.C. § 2000bb-1(a). Nonetheless, RFRA's protections do not provide a vehicle for Mr. Robinson to make his claims of religious discrimination. RFRA protects against actions that the federal government takes, not actions that States and their officials take. *See City of Boerne v. Flores*, 521 U.S. 507, 535 (1997); *cf. Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253, 261 (3d Cir. 2007) (noting Supreme Court's holding that RFRA does not apply to states). RFRA therefore cannot apply to any of the state entities that Mr. Robinson has named as defendants. Nothing Mr. Robinson

could say in a further amended pleading could correct this flaw, so I will dismiss this claim with prejudice.

### B. First Amendment

Our Constitution provides that "Congress shall make no law ... prohibiting the free exercise" of religion. U.S. Const. amend. I. To prove a violation of the Free Exercise Clause, a plaintiff must allege that the governmental policy at issue has "burdened his sincere religious practice" and that the policy is "not 'neutral' or 'generally applicable.'" *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2022). "If a law is "neutral" and "generally applicable," and burdens religious conduct only incidentally, the Free Exercise Clause offers no protection." *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 165 (3d Cir. 2002). Put simply, the Free Exercise Clause "protects religious observers against unequal treatment." *Espinoza v. Montana Dep't of Revenue*, 591 U.S. 464, 475 (2020) (quoting *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449, 461 (2017)).

Mr. Robinson has not adequately alleged a violation of his First Amendment rights. He states vaguely that "the statute" caused "infringement," and makes various vague assertions throughout the Amended Complaint concerning his convictions. (ECF No. 8 at 4.) He argues that his religious beliefs "prevent [him] from adopting secular ideas or methods." (*Id.* at 5.) To register under SORNA, he claims, "would require [him] to accept the secular system's perception of who I am." (*Id.* at 6.) These vague and conclusory allegations that comprise the Amended Complaint do not raise a plausible inference that SORNA burdens Mr. Robinson's First Amendment rights. Compounding this problem, Mr.

Robinson further fails to identify a sincere religious practice or describe how the sex offender reporting requirements harm that practice. He also fails to identify any unequal treatment he has suffered due to a specific aspect of SORNA that is not neutral or generally applicable, thereby burdening his sincere religious practice. Mr. Robinson's Amended Complaint does not cure the defects I identified in his original Complaint's First Amendment claim. Because Mr. Robinson has had multiple opportunities to plead his claim, I conclude that further amendment would be futile, and I will dismiss his First Amendment claim with prejudice.

## IV. CONCLUSION

I will grant the Motion to Dismiss and dismiss both the RFRA and First Amendment claims with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**

September 14, 2026